**Dismissed and Opinion Filed August 28, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00877-CV

**JESSIE LEE COLEMAN, Appellant**

**V.**

**KAUFMAN COUNTY, TEXAS, LORI COMPTON, DAVID BYRNES, ASHLEY RICHESON, AND KEVIN TOMPKINS, Appellees**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 90914-422**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Chief Justice Wright

Appellant appeals the trial court's April 27, 2015 order dismissing defendants Byrnes, Compton, Tompkins, and Richeson. Kaufman County remained a party to the case, and the order did not state that it was a final judgment disposing of all claims and all parties in the case. Appellant filed his notice of appeal on July 16, 2015, eighty days after the trial court's order was signed. In a letter dated August 4, 2015, the Court advised appellant that it questioned its jurisdiction over the appeal because of the untimeliness of the notice of appeal. We instructed appellant to file a jurisdictional brief specifically addressing the timeliness issue.

Although appellant acknowledges that he received notice of the trial court's order through receipt of the district clerk's Notice of Court Order dated April 28, 2015, he asserts that he did not receive a copy of the order until June 26, 2015. On July 16, 2015, appellant filed a

notice of appeal of the order in the trial court without filing a motion in this Court for extension of time to file his notice of appeal.

A judgment is final for purposes of appeal "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012) (quoting *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 192–93 (Tex. 2001)). If an order "leaves significant factual and legal issues open for further determination, it is interlocutory." *Id.* In the instant case, appellant appeals an order that dismissed several government employees, but did not dismiss the claims asserted against their governmental-unit employer. Because the trial court's order does not dispose of all claims and parties, nor does it state that it is a final judgment as to all claims and all parties, the order is interlocutory.

Appeals from interlocutory orders are accelerated appeals. TEX. R. APP. P. 28.1. In an accelerated appeal, notice of appeal must be filed within twenty days after the judgment or order is signed. TEX. R. APP. P. 26.1(b). This Court may extend the time to file the notice of appeal if the appellant files his notice of appeal in the trial court and files a motion for extension of time with the appellate court within fifteen days after the deadline. TEX. R. APP. P. 26.3. Absent the filing of a rule 26.3 motion, the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions. *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). This Court implies a motion under rule 26.3 when a notice of appeal is filed in good faith during the time for filing a motion for extension. *See Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997). Here, the order at issue was signed on April 27, 2015, so the twenty-day deadline for the appellant's accelerated appeal of the interlocutory order required the appellant to file his notice of appeal in the trial court by May 17, 2015. The deadline for filing a motion for extension expired June 1, 2015. The appellant failed to file a motion for extension of time with this Court or file a notice of appeal in good faith before June 1, 2015.

The appellant blames his failure to meet both the May 17, 2015 and June 1, 2015 deadlines on the district clerk's failure to supply him with a copy of the trial court's order until June 26, 2015. When an appealable order is signed, the clerk of the court shall immediately give notice to the parties or attorneys that the order was signed. TEX. R. CIV. P. 306a(3). Rule 306a does not require the clerk to supply parties and their attorneys with a copy of the appealable order. *See* TEX. R. CIV. P. 306a(3). If a party adversely affected by the order fails to receive either the notice required by rule 306a(3) or actual knowledge of the order within twenty days after the appealable order is signed, then appellate deadlines are calculated from the earlier of (1) the date on which the party received notice or (2) the date the party acquired actual knowledge of the signing. TEX. R. CIV. P. 306a(4). The appellant admits that he received the Notice of Court Order from the district clerk, and the copy of the notice attached to appellant's jurisdictional brief shows the notice was created on April 28, 2015. Appellant does not argue that he received the notice more than twenty days after the order was signed. Because the appellant does not challenge his receipt of notice of the order as untimely, appellant's argument fails.

Accordingly, on the Court's own motion, this appeal is DISMISSED for want of jurisdiction. See TEX. R. APP. P. 42.3(a).

150877F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JESSIE LEE COLEMAN, Appellant

No. 05-15-00877-CV          V.

KAUFMAN COUNTY, TEXAS, LORI
COMPTON, DAVID BYRNES, ASHLEY
RICHESON, AND KEVIN TOMPKINS,
Appellees

On Appeal from the 422nd Judicial District
Court, Kaufman County, Texas
Trial Court Cause No. 90914-422.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Stoddart
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellees KAUFMAN COUNTY, TEXAS, LORI COMPTON, DAVID BYRNES, ASHLEY RICHESON, AND KEVIN TOMPKINS recover their costs of this appeal from appellant JESSIE LEE COLEMAN.

Judgment entered this 28th day of August, 2015.